UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

IGNACIO TORRES-CASTRO,   )
                         )
    Petitioner,           )    Civil Action No. 0:11-CV-015-HRW
                         )
V.                        )
                         )    **MEMORANDUM OPINION**
STATE OF NEBRASKA/        )    **AND ORDER**
COUNTY OF SARPY,          )
                         )
    Respondent.           )

\*\* \*\* \*\* \*\* \*\*

## INTRODUCTION

Ignacio Torres-Castro ("Torres-Castro"), an individual currently incarcerated in the Federal Correctional Institution at Ashland, Kentucky ("FCI-Ashland") has filed the instant habeas corpus petition, pursuant to 28 U.S.C. § 2241, requesting the return of a $9,000 bail bond that he contends was released to Sarpy County, Nebraska, on or about August 31, 1995, relative to criminal charges pending against him in the State of Nebraska.[1]  For the reasons set forth below, Torres-Castro is not entitled to relief under § 2241, and the Court will deny his petition and dismiss this proceeding.

---

[1] As the $5.00 filing fee has been paid, the Court screens the petition to determine whether Torres-Castro is entitled to relief under § 2241. *See* Rule 4, Rules Governing 28 U.S.C. § 2254 Cases; (applicable to § 2241 petitions under Rule 1(b))*; see also* 28 U.S.C. § 2243. A district court may summarily dismiss a petition if it appears from its face that the petitioner is not entitled to relief. *See* 28 U.S.C. § 2243; *Blevins v. Lamanna*, 23 F. App'x 216, 218 (6th Cir. 2001); *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970).

**HABEAS PETITIONS FILED PURSUANT TO 28 U.S.C. § 2241**

28 U.S.C. § 2241 authorizes the filing of habeas corpus petitions by inmates in federal institutions. Generally, a federal prisoner may file a habeas corpus petition under Section 2241 only to challenge a decision by prison officials which affects the manner in which his sentence is being executed, such as the computation of sentence credits or parole eligibility. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999). Typically, these petitions concern either (1) the computation of a defendant's federal sentence, (2) a prison discipline decision, (3) a parole problem, (4) the inadequacy of a § 2255 petition, (5) jail/prison conditions, or (6) immigration/removal from the United States.

The present petition filed by Mr. Torres-Castro concerns none of the foregoing matters. To reiterate, in this petition, Torres-Castro seeks the return of a $9,000 bail bond which he claims was forfeited to Sarpy County, Nebraska, in August of 1995, relative to a criminal case then pending against him in the State of Nebraska. Torres-Castro fails to appreciate that a federal district court sitting in Eastern District of Kentucky has no jurisdiction over a criminal case in the State of Nebraska and has no authority to order a state court in Nebraska to return to him any appearance bond that may have been forfeited to the State of Nebraska. Petitioner's remedy lies strictly with the state courts or the federal courts in Nebraska, and he is free to pursue his claim in the state courts of Nebraska and/or the United States District Court for the District of Nebraska.

Because Torres-Castro asserts in this action a claim for which this Court is unable to grant any relief, his § 2241 petition will be denied, and this action will be dismissed.

## CONCLUSION

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

(1) Ignacio Torres-Castro's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus, [R. 2], is **DENIED**;

(2) This action will be **DISMISSED**, *sua sponte*, with prejudice from the docket; and,

(3) Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondent, State of Nebraska/County of Sarpy.

This June 15, 2011.

Signed By:
Henry R Wilhoit Jr.
United States District Judge